IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU<br><br>          Plaintiff,<br><br>   v.<br><br>ALL FINANCIAL SERVICES, LLC<br><br>          Defendant. | Case No. 15-cv-420-BPG |

**STIPULATED FINAL JUDGMENT AND ORDER**

The Consumer Financial Protection Bureau ("Bureau") commenced this civil action against Defendant on February 12, 2015 to obtain injunctive relief, a monetary penalty, and other relief.

The Complaint alleges that Defendant's advertising activities violated the Mortgage Acts and Practices Rule, 12 C.F.R. pt. 1014 (2011) (Regulation N), and the deceptive acts and practices prohibition in the Consumer Financial Protection Act of 2010 (CFPA), 12 U.S.C. §§ 5531(a), 5536(a)(1)(B).

Plaintiff and Defendant have requested that the Court enter this Stipulated Final Judgment and Order ("Order").

**FINDINGS**

1. This Court has jurisdiction over the parties and the subject matter of this action.
2. Venue is proper in this District.

1

3. Plaintiff and Defendant agree to the entry of this Order, without adjudication of any issue of fact or law, to settle and resolve all matters in this dispute arising from the conduct alleged in the Complaint to the date this Order is entered.

4. Defendant neither admits nor denies any allegation in the Complaint, except that Defendant admits the facts necessary to establish the Court's jurisdiction over Defendant and the subject matter of this action.

5. Defendant waives all rights to seek judicial review or otherwise challenge or contest the validity of this Order. Defendant also waives any claim it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order. Each party will bear its own costs and expenses, including without limitation attorneys' fees.

6. Entry of this Order is in the public interest.

## DEFINITIONS

7. The following definitions apply to this Order:

   a. **"Defendant"** means All Financial Services, LLC and its successors and assigns.

   b. **"Effective Date"** means the date on which the Order is entered.

   c. **"Enforcement Director"** means the Assistant Director of the Office of Enforcement for the Consumer Financial Protection Bureau, or his/her delegee.

   d. **"Person"** means any individual, group, unincorporated association, limited or general partnership, corporation, or other business entity.

   e. **"Related Consumer Action"** means a private action by or on behalf of one or more consumers or an enforcement action by another governmental agency

   brought against Defendant based on substantially the same facts as described in this Order or the Complaint.

  f. "**Relevant Period**" includes the period from November 5, 2011 to December 28, 2012.

## ORDER

**IT IS ORDERED** that:

### I. Conduct Provisions

  8. For 5 years from the Effective Date, the Defendant and its officers, agents, servants, and employees who have actual notice of this Order, whether acting directly or indirectly, may not violate and must take reasonable measures to ensure that its service providers, and other agents do not violate Regulation N, 12 C.F.R. pt. 1014, and sections 1031(a) and 1036(a)(1)(B) of the CFPA, 12 U.S.C. §§ 5531(a), 5536(a)(1)(B), in connection with the advertising, marketing, promotion, offering for sale, or sale of mortgage credit products.

### II. Compliance Plan

  9. Within 30 days of the Effective Date, Defendant must submit to the Enforcement Director for review and determination of non-objection a comprehensive compliance plan designed to ensure that Defendant's mortgage credit product advertisements comply with all applicable Federal consumer financial laws and the terms of this Order (Compliance Plan).

  10. The Compliance Plan must include, at a minimum:

   a. Detailed steps for addressing each action required by this Order; and

   b. Specific timeframes and deadlines for implementation of the steps described above.

11. The Enforcement Director will have the discretion to make a determination of non-objection to the Compliance Plan or direct the Defendant to revise it. If the Enforcement Director directs the Defendant to revise the Compliance Plan, the Defendant must make the revisions and resubmit the Compliance Plan to the Enforcement Director within 30 days.

12. After receiving notification that the Enforcement Director has made a determination of non-objection to the Compliance Plan, the Defendant must implement and adhere to the steps, recommendations, deadlines, and timeframes outlined in the Compliance Plan.

**III. Monetary Provisions**

13. Defendant must pay a civil money penalty of $13,000 to the Bureau.

14. Within 10 days of the Effective Date, Defendant must pay $6,500 of the civil money penalty by wire transfer to the Bureau or to the Bureau's agent in compliance with the Bureau's wiring instructions.

15. Within 40 days of the Effective Date, Defendant must pay the remaining $6,500 of the civil money penalty by wire transfer to the Bureau or to the Bureau's agent in compliance with the Bureau's wiring instructions.

16. The civil money penalty paid under this Order will be deposited in the Civil Penalty Fund of the Bureau as required by section 1017(d) of the CFPA, 12 U.S.C. § 5497(d).

17. Defendant must treat the civil money penalty paid under this Order as a penalty paid to the government for all purposes. Regardless of how the Bureau ultimately uses those funds, Defendant may not:

    a.    Claim, assert, or apply for a tax deduction, tax credit, or any other tax benefit for any civil money penalty paid under this Order; or

    b.    Seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made under any insurance policy, with regard to any civil money penalty paid under this Order.

18.    To preserve the deterrent effect of the civil money penalty in any Related Consumer Action, Defendant may not argue that Defendant is entitled to, nor may Defendant benefit by, any offset or reduction of any compensatory monetary remedies imposed in any Related Consumer Action because of the civil money penalty paid in this action (Penalty Offset). If a court in any Related Consumer Action grants such a Penalty Offset, Defendant must, within 30 days after entry of a final order granting the Penalty Offset, notify the Bureau, and pay the amount of the Penalty Offset to the U.S. Treasury. Such a payment will not be considered an additional civil money penalty and will not change the amount of the civil money penalty imposed in this action.

## IV.    Additional Monetary Provisions

19.    In the event of any default on Defendant's obligations to make payment under this Order, interest, computed under 28 U.S.C. § 1961, as amended, will accrue on any outstanding amounts not paid from the date of default to the date of payment, and will immediately become due and payable.

20.    Defendant must relinquish all dominion, control, and title to the funds paid to the fullest extent permitted by law and no part of the funds may be returned to Defendant.

21.    Under 31 U.S.C. § 7701, Defendant, unless it already has done so, must furnish to the Bureau its taxpayer identifying numbers, which may be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

22. Within 30 days of the entry of a final judgment, Order, or settlement in a Related Consumer Action, Defendant must notify the Enforcement Director of the final judgment, Order, or settlement in writing.

## V. Reporting Requirements

23. For 5 years from the Effective Date, the Defendant must notify the Bureau of any development that is likely to affect compliance obligations arising under this Order, including but not limited to, a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor company; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of any bankruptcy or insolvency proceeding by or against Defendant; or a change in Defendant's name or address. Defendant must provide this notice at least 30 days before the development or as soon as practicable after learning about the development, whichever is sooner.

24. Within 7 days of the Effective Date, Defendant must designate at least one telephone number and email, physical, and postal address as points of contact, which the Bureau may use to communicate with Defendant.

25. Defendant must report any change in the information required to be submitted under this Section at least 30 days before the change or as soon as practicable after the learning about the change, whichever is sooner.

26. Within 90 days of the Effective Date, Defendant must submit to the Enforcement Director an accurate written compliance progress report (Compliance Report), which, at a minimum:

  a. Describes in detail the manner and form in which Defendant has complied with this Order; and

  b. Attaches a copy of each Order Acknowledgment obtained under Section VI unless previously submitted to the Bureau.

## VI. Order Distribution and Acknowledgment

27. Within 30 days of the Effective Date, Defendant must deliver a copy of this Order to each of its executive officers, as well as to any managers, employees, service providers, or other agents and representatives who have responsibilities related to Defendant's mortgage credit product advertisements.

28. For 5 years from the Effective Date, Defendant must deliver a copy of this Order to any business entity resulting from any change in structure referred to in Section V, any future board members and executive officers, as well as to any managers, employees, service providers, or other agents and representatives who will have responsibilities related to Defendant's mortgage credit product advertisements, before they assume their responsibilities.

29. Defendant must secure a signed and dated statement acknowledging receipt of a copy of this Order, ensuring that any electronic signatures comply with the requirements of the E-Sign Act, 15 U.S.C. § 7001 et seq., within 30 days of delivery, from all persons receiving a copy of this Order under this Section.

## VII. Recordkeeping

30. Defendant must create, for at least 5 years from the Effective Date, the following business records:

  a. All documents and records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Bureau.

    b.    Copies of all advertisements including any such materials used by a third party on behalf of Defendant.

    c.    Records showing, for each service provider providing services related to direct mail marketing, the name of a point of contact, and that person's telephone number; email, physical, and postal address; job title or position; dates of service; and, if applicable, the reason for termination.

31. Defendant must retain the documents identified in Paragraph 30 for at least 5 years.

32. Defendant must make the documents identified in Paragraph 30 available to the Bureau upon the Bureau's request.

**VIII. Notices**

33. Unless otherwise directed in writing by the Bureau, Defendant must provide all submissions, requests, communications, or other documents relating to this Order in writing, with the subject line, "In re All Financial Services, LLC, Case No. 15-cv-420," and send them either:

    a.    By overnight courier (not the U.S. Postal Service), as follows:

        Assistant Director for Enforcement
        Consumer Financial Protection Bureau
        ATTENTION: Office of Enforcement
        1625 Eye Street, N.W.
        Washington D.C. 20006; or

    b.    By first-class mail to the below address and contemporaneously by email to Enforcement_Compliance@cfpb.gov:

        Assistant Director for Enforcement
        Consumer Financial Protection Bureau
        ATTENTION: Office of Enforcement
        1700 G Street, N.W.
        Washington D.C. 20552

IX. **Cooperation with the Bureau**

34. For 5 years from the Effective Date, the Defendant must respond in full to any future information request from the Bureau related to matters described in this Order.

X. **Compliance Monitoring**

35. Within 14 days of receipt of a written request from the Bureau, Defendant must submit additional compliance reports or other requested information regarding Defendant's mortgage credit product advertisements, which must be signed under penalty of perjury; provide sworn testimony; or produce documents.

36. Defendant must permit Bureau representatives to interview any employee or other person affiliated with Defendant and involved in Defendant's mortgage credit product advertisements who has agreed to such an interview. The person interviewed may have counsel present.

37. Nothing in this Order will limit the Bureau's lawful use of compulsory process, under 12 C.F.R. § 1080.6.

XI. **Release**

38. The Bureau releases and discharges Defendant from all potential liability for law violations that the Bureau has or might have asserted based on the practices described in the Complaint, to the extent such practices occurred before the Effective Date and the Bureau knows about them as of the Effective Date. The Bureau may use the practices described in this Order in future enforcement actions against Defendant and its affiliates, including, without limitation, to establish a pattern or practice of violations or the continuation of a pattern or practice of violations, or to calculate the amount of any penalty. This release does not preclude or affect any right of the Bureau to determine and ensure compliance with the Order, or to seek penalties for any violations of the Order.

## XII. Retention of Jurisdiction

39.     The Court will retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED,**

DATED this 21ST day of October, 2015.

_____
Magistrate Judge Beth P. Gesner